# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00551-CV

**Rhett Webster Pease, Appellant**

**v.**

**First National Bank of Giddings, Appellee**

### FROM THE COUNTY COURT OF LEE COUNTY
### NO. 3014, HONORABLE EDWARD F. JANECKA, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

Appellant Rhett Webster Pease obtained an emergency writ of reentry from the justice court, Precinct No. 3, of Lee County regarding a property owned by appellee First National Bank of Giddings and claimed by Pease as his homestead. Thereafter, First National appealed to the county court seeking to have the writ vacated. First National also filed a motion to dismiss in which it notified the county court that Pease had previously been declared a vexatious litigant and was therefore required to comply with section 11.103 of the Texas Civil Practice and Remedies Code,

which he had not done in filing the instant litigation.[1]  The county court[2] granted First National's motion to vacate the writ of reentry without considering the issues raised in its motion to dismiss. On September 14, 2009, Pease filed a notice of appeal of the county court's September 10, 2009 order on First National's Motion to Vacate Writ of Reentry.  In response, First National asked this Court to dismiss or, alternatively, to abate Pease's appeal based on his failure to comply with the procedural requirements of the vexatious-litigant statute.

Section 11.103 of the civil practice and remedies code provides that the clerk of a court may not file a litigation presented by a vexatious litigant subject to a prefiling order under section 11.101 unless the litigant first obtains an order from the local administrative judge permitting the filing.  Tex. Civ. Prac. & Rem. Code Ann. § 11.103(a) (West 2002).  If the clerk mistakenly files a litigation without an order from the local administrative judge, any party may file with the clerk and serve on the plaintiff and the other parties to the suit a notice stating that the plaintiff is a vexatious litigant subject to the prefiling order under section 11.101.  *Id.* § 11.103(b).  "On the filing of the notice, the court shall immediately stay the litigation and shall dismiss the litigation unless the plaintiff, not later than the 10th day after the date the notice is filed, obtains an order from the local

---

[1]  By order dated January 5, 2004, the 335th District Court of Lee County deemed Pease a vexatious litigant and ordered that he be prohibited from filing any further litigation in a court of this State unless he is granted permission by the local administrative judge of the court in which he intends to file further litigation.  Since that time, the Texas Office of Court Administration has included Pease on its "List of Vexatious Litigants Subject to Prefiling Orders under Section 11.101, Civil Practice and Remedies Code," *available at* www.courts.state.tx.us/oca/vexatious_litigants.pdf.

[2]  The record indicates that the constitutional county judge of Lee County, Hon. Paul Fischer, recused himself.  The constitutional county judge of neighboring Fayette County, Hon. Ed Janecka, was appointed visiting judge and signed the order on appeal.

administrative judge under Section 11.102 permitting the filing of the litigation." *Id.* In the present case, the record suggests that the mandatory procedures of chapter 11 may not have been followed.

Accordingly, we abate this appeal and remand the cause to the county court of Lee County for further proceedings to address the implications of chapter 11 of the civil practice and remedies code. Any orders resulting therefrom shall be filed with the clerk of this Court no later than February 22, 2011.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Puryear and Pemberton

Abated

Filed: January 20, 2011